IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. AP-75,377






EX PARTE CURTIS EUGENE BROWN, Applicant






ON APPLICATION FOR WRIT OF HABEAS CORPUS


 CAUSE NO. 2000-1-4031 IN THE 24TH JUDICIAL DISTRICT COURT

REFUGIO COUNTY



 Per Curiam.


O R D E R 



 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Texas Code of Criminal
Procedure, Article 11.07, Section 3. Ex parte Young, 418 S.W.2d 824 (Tex. Crim. App.
1967). Applicant was convicted of aggravated sexual assault of a child and sentenced to
imprisonment for twelve years. Applicant filed a motion for a new trial based, in part, on
new evidence that allegedly demonstrated his innocence. In support of his claim of actual
innocence, Applicant provided, among other things, an affidavit from the complainant
recanting the allegation of sexual assault and an affidavit from the complainant's mother
stating that the complainant was lying when she accused Applicant of sexual assault. The
trial court scheduled a hearing on Applicant's motion. At the hearing, the parties agreed to
allow the trial judge to interview the complainant off the record in camera to determine
whether the judge believed the recantation or not. After meeting with the complainant, the
trial judge denied the motion, stating, "I do not believe the recantation of the child . . . [.]" 
Applicant did not appeal. 

 Applicant file an application for a writ of habeas corpus alleging that new evidence
affirmatively establishes his innocence. In support of his habeas allegation, Applicant
submits the same affidavits from the complainant and the complainant's mother that he
presented to trial court in support of his motion for a new trial. We remanded this case to the
trial court for an evidentiary hearing. On remand, the trial court held a live hearing where
Applicant, the complainant, and the complainant's mother testified. Based on the evidence
presented at the hearing, the trial court concluded that "Applicant has established by clear
and convincing evidence that no reasonable juror could convict him in light of [the
complainant's] testimony. The evidence of Applicant's guilt is far outweighed by the
evidence of his innocence." As a result, the trial court recommended that we grant Applicant
relief. 

 We file and set this case for submission to determine whether, for purposes of this 
habeas proceeding, the complainant's recantation is newly discovered evidence of actual
innocence. See Ex parte Tuley, 109 S.W.3d 388, 391-95 (Tex. Crim. App. 2002); Ex parte
Elizondo, 947 S.W.2d 202, 209 (Tex. Crim. App. 1996). The parties shall brief this issue. 
If the trial court finds that Applicant is indigent, the trial court will, pursuant to the provisions
of Texas Code of Criminal Procedure, Article 26.04, appoint an attorney to represent him. 
If the trial court finds that Applicant is not indigent, Applicant shall be given the opportunity
to retain counsel within 15 days of the trial court's finding. Any hearing conducted pursuant
to this order shall be held within 30 days of this order. Applicant's brief shall be filed with
this Court on or before June 7, 2006. Any brief filed in response by the State shall be filed
no later than 30 days after the filing of the Applicant's brief.


IT IS SO ORDERED: April 12, 2006 

DO NOT PUBLISH